IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NYOKA SUMMERALL, on behalf of herself and all others similarly situated; 6511 Marsol Road, Apt. 522 Cleveland, OH 44124 <br><br> Plaintiff, <br><br> vs. <br><br> HEAD MERCANTILE CO., INC. d.b.a. The HMC Group d.b.a The SOS Group c/o James Scharfeld, Statutory Agent 29065 Clemens Road #200 Westlake, OH 44145 <br><br> Defendant. | CASE NO.: <br><br> JUDGE: <br><br> **CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND MONEY DAMAGES** |

Plaintiff Nyoka Summerall, by and through counsel, and on behalf of herself and all other individuals similarly situated, hereby submits her Class Action Complaint to this Court against Defendant Head Mercantile Co., Inc. ("HMC"), and avers and alleges as follows:

**JURISDICTION AND VENUE**

1. At all times relevant, Plaintiff Nyoka Summerall resided and resides in Cleveland, Ohio.

2. Defendant HMC was and is a corporation registered under the laws of the State of Ohio with principal place of business in Westlake, Ohio.

3. "The HMC Group" was and is a registered trade name of HMC under the laws of the State of Ohio.

4. "SOS Group" was and is a registered trade name of HMC under the laws of the State of Ohio.

1

5. HMC is engaged in the regular and frequent business of collecting consumer debts, including the specific debt at issue in this case, which involved alleged debt of Nyoka Summerall arising from the purchase of a personal vehicle from an automobile dealership.

6. Nyoka Summerall is a consumer and incurred a debt on her own behalf arising from her purchase of an automobile from an automobile dealership.

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

8. This Court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367. Because the parties are all located within the Northern District of Ohio, this Court has personal jurisdiction over them, and venue is also proper.

## FACTS COMMON TO ALL COUNTS

9. Defendant HMC is a debt collection company whose purpose, according to its Articles of Incorporation, is "[b]illing and collections."

10. HMC attempted to collect consumer debts from Plaintiff related to a vehicle purchased by Plaintiff from an Ohio used vehicle dealership.

11. On or around January 20, 2016, HMC, through its agent and employee Mary Jordan, sent a facsimile communication to Plaintiff's employer, a third party, regarding Plaintiff's consumer debt. A true and accurate copy of this communication is attached hereto as Exhibit 1. The social security number has been redacted.

12. That facsimile was actually received by the employer of Plaintiff.

13. HMC did not obtain Plaintiff's consent to communicate her debt or about her debt with her employer prior to sending the January 20, 2016 communication.

14. The January 20, 2016 facsimile message requested verification of the fact of Plaintiff's employment, as well as her status as either a full-time or part-time employee.

15. The communication of the January 20, 2016 facsimile message, sent to Plaintiff's employer and received by Plaintiff's employer, contained the following language: "This is an attempt by a debt collector to collect a debt; any information obtain [sic] will be used for that purpose."

16. HMC disclosed to Plaintiff's employer the existence of Plaintiff's alleged debt. This was later communicated to Plaintiff through her employer, as well.

17. This communication caused Plaintiff significant and severe stress, harassment, humiliation, and embarrassment at work. HMC denied in communications with Plaintiff's attorney that it had communicated the fact that a debt existed to Plaintiff's employer, and refused to take any action to correct his communication and its impact.

18. One of the primary purposes, and specific conduct, that the Fair Debt Collection Practices Act was enacted to address and prevent was exactly the type of communication sent by HMC and the type of harm suffered by Plaintiff—the FDCPA specific prohibits collectors from disclosing the existence of a debt to third parties, and has specific regulations applicable to contact with employers to prevent humiliation, embarrassment, harassment, and stress caused to debtors like Plaintiff. *See* 15 U.S.C. § 1692b(2)-(5); 15 U.S.C. § 1692c(b).

19. The purpose of the FDCPA was to protect consumers like Plaintiff from abusive debt collection practices, specifically to do so in order to protect the employment/job of consumer debtors, as well as to protect invasions of privacy and to prevent a competitive disadvantage to collectors who comply with the law and are not abusive in their collection practices, i.e. to prevent a race to the bottom in debt collection activities. *See* 15 U.S.C. 1692(a)-(e).

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff reincorporates and re-alleges all the foregoing allegations as if fully rewritten herein.

21. The Plaintiff is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d) as she purchased a vehicle for family or personal use, which is the subject matter of the collection attempt in this case.

22. HMC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as it is in the business of regularly collecting consumer debts from individuals owed or due or asserted to be owed or due another (here, debt allegedly owed to Ray Poyar Auto Sales, Inc.).

23. HMC, when it sent its January 20, 2016 facsimile communication to Plaintiff's employer, violated 15 U.S.C. § 1692c(b), as well as 15 U.S.C. § 1692b(2)-(5), by communicating, in connection with the collection of a debt and without Plaintiff's prior consent, with a person other than Plaintiff, her attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Specifically, the facsimile, which stated it was a debt collection attempt, was communicated by HMC to, and received by, supervisors and/or co-workers of Plaintiff, was directed to them, and not Plaintiff herself.

24. Through sending the facsimile, HMC violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, abuse, or oppress a person in connection with the collection of a debt.

25. All of this conduct engaged in by HMC was in its capacity as debt collector collecting debts on behalf of Ray Poyar Auto Sales, Inc.

26. HMC's actions in violation of the FDCPA were committed knowingly—HMC knew what letters it used and employed, including the fax cover sheet which appears to be a standard form used by HMC.

27. Given the knowledge of HMC and the fact that the facsimile message contained handwritten language, HMC's conduct was not the consequence of any bona fide error.

28. Upon information and belief, HMC regularly and routinely uses its facsimile cover sheet with debt collection communication language when corresponding with third-parties concerning the debt of its consumer debtors.  This is a regular pattern and practice of HMC.

29. As a direct and proximate result of HMC's conduct, Plaintiff suffered damages including harm to her reputation at work, stress, harassment, emotional and mental anguish, embarrassment, loss of privacy as to her debts or alleged debts, and other harm.

**COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT**

30. Plaintiff reincorporates and re-alleges all the foregoing allegations as if fully rewritten herein.

31. HMC is a "supplier" within the meaning of Ohio Rev. Code §§ 1345.01(C) because it was engaged in the business of effecting a consumer transaction, i.e. attempting to obtain payment for goods provided by Ray Poyar Auto Sales, Inc. to Plaintiff and/or others for personal and family use.

32. Plaintiff is a "consumer" within the meaning of Ohio Rev. Code § 1345.01(D) as she engaged in the transaction for consumer goods and was involved in the collection efforts of HMC.

33. HMC's act of attempting to enforce the payment of consumer vehicle debts allegedly owed by Plaintiff was a consumer transaction within the meaning of Ohio Rev. Code § 1345.01(A), as the underlying transaction involved goods used for individual or family purposes.

34. HMC engaged in deceptive, unfair, and unconscionable acts under Ohio Rev. Code § 1345.01 *et seq.* by engaging in and committing a violation of the FDCPA, listed above in this Complaint.

35. Specifically, Ohio courts have held, and such cases were available in the Public Inspection File ("PIF") prior to the conduct engaged in by the Defendant in this case, that a debt collector violates the Consumer Sales Practices Act and engages in unfair or deceptive acts or practices under it when it violates the FDCPA, including but not limited to the case of *State ex rel. DeWine v. Royal Oak Financial Services, Inc.*, PIF# 10003097, listed in the PIF since July 10, 2013.

36. As a direct and proximate result of HMC's conduct, Plaintiff has suffered mental anguish, stress, embarrassment, and other harm as outlined above, and is entitled to all reasonable damages, injunctive relief prohibiting such conduct, declaratory judgment that such conduct engaged in is unfair, deceptive, and/or unconscionable, attorney's fees, and all other relief this Court deems equitable and just.

## CLASS ACTION ALLEGATIONS

37. All of the conduct, specifically the use of a facsimile and communication communicating debt collection attempts and activities with third-parties as outlined above and in the attached Exhibit, were engaged in by Defendant pursuant to a policy or custom, and was its ordinary and habitual practice.

38. This class action complaint for declaratory and injunctive relief, as well as monetary damages and attorney's fees, is brought by Plaintiff on behalf of herself and all others similarly situated. The class is defined as:

    a. All present and future persons, who have incurred debts for personal, family, or household purposes, herein after "consumer debtors," where HMC sent communication(s) to third-party(ies), including communication(s) to employer(s) of such consumer debtors, stating that the communication was in relation to a consumer

      debtor and also stating that the communication was from a debt collector and/or that it was an attempt to collect a debt. This definition applies to Count I.

    b. All present and future persons, who have incurred debts for personal, family, or household purposes, where such debt was incurred in the State of Ohio, herein after "Ohio consumer debtors," where HMC sent communication(s) to third-party(ies), including communication(s) to employer(s) of such Ohio consumer debtors, stating that the communication was in relation to an Ohio consumer debtor and also stating that the communication was from a debt collector and/or that it was an attempt to collect a debt. This definition applies to Count II.

39. The joinder of all class members in the class (presumed and believed to be greater than forty (40)) is impracticable because the membership is too numerous and it changes from day to day, and because the class contains future members who's employers are being communicated with by Defendant.

40. Members of the class are entitled to similar common damages under both the FDCPA and OCSPA.

41. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for declaratory and injunctive relief.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and State law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages on an individual are $1000 for violation of the FDCPA or $200 per violation of the OCSPA. Management of these class

claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. for securities fraud.

43. All members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined because they are statutory and stipulated in nature.

44. Prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant who is expected to oppose the class.

45. Members of the class have in common questions of law and/or questions of fact, including but not limited to, whether the challenged practices violate the FDCPA and OCSPA.

46. The claims of the named Plaintiff are typical of the claims of the class, as per the definitions of the class.

47. The named Plaintiff will fairly and adequately represent the interests of the class and she will vigorously prosecute the case on behalf of the class.

48. Many of the persons with whom Defendant dealt, or who were affected by their activities, may not be aware of their rights, or are not in a financial position to assert such rights readily. Because of relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

49. Plaintiff is represented by competent counsel with experience in federal consumer and class action cases and who thus have the experience and resources necessary to protect the interests of the class.  Attorney Daniel J. Myers was appointed class-counsel in another national class-action, and is involved in class-action and consumer related work.

50. Defendant has acted or refused to act on grounds generally applicable to the Plaintiff class, thereby making appropriate declaratory and injunctive relief, as well as damages under the FDCPA and attorney's fees under the FDCPA and the OCSPA appropriate, for the class as a whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant her the following relief:

a. Enter an order that this action shall be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and/or (b)(3).

b. Enter preliminary and permanent injunctions enjoining Defendant from applying in the future the customs or policies complained of herein against the Plaintiff and the current members of Plaintiff's class, as well as preliminary and permanent injunctions enjoining Defendant from applying in the future the customs or policies complained of herein against the future members of the Plaintiff's class.

c. Judgment against Defendant, for declaratory judgment holding that Defendant's conduct was unfair, deceptive, and/or unconscionable under Ohio R.C. § 1345.01 *et seq*.

d. All damages permitted by the FDCPA to the Plaintiff and the Plaintiff's class, and attorneys' fees under both Ohio R.C. § 1345.09, as well as all relief permitted by 15 U.S.C. § 1692k.

e. The costs of this action, and pre-judgment and post-judgment interest.

f. Grant Plaintiff and the class such other relief as is proper, just, and equitable.

Respectfully Submitted,

*/s/ Daniel J. Myers*_____
Daniel J. Myers, Esq. (0087909)
Samantha A. Vajskop, Esq. (0087837)
Myers Law, LLC
600 East Granger Road, Second Floor
Cleveland, OH 44133
P: 216-236-8202
F: 216-674-1696
E: DMyers@MyersLawLLC.com
   SVajskop@MyersLawLLC.com
*Counsel for Plaintiff and Proposed Class*